IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Anthony Stevens #13160-021, ) | C/A No. 8:15-2862-MGL-JDA |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| J. Meeks (Warden F.C.I. Williamsburg), ) | |
| Respondent. ) | |

Ralph Anthony Stevens ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] Petitioner is a federal prisoner incarcerated at FCI Williamsburg in Salters, South Carolina. He brings this action relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Petition should be dismissed without prejudice.

## **BACKGROUND**

On or about July 29, 2015, Petitioner filed this habeas action alleging that his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), is no longer valid following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). [Doc. 1.] He seeks release from custody. [*Id.*]

It appears that Petitioner pled guilty in 2007 in the United States District Court for the Southern District of Georgia to possession with the intent to distribute an illegal drug in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 18.] It appears that Petitioner was sentenced in 2008 to an enhanced penalty pursuant to the ACCA based on several prior

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.

convictions, and he received a 300-month sentence of imprisonment. [Doc. 1; Doc. 1-1; Doc. 18.]

Out of an abundance of caution, this Court authorized service of process of the Petition on August 25, 2015. [Doc. 12.]

On October 13, 2015, Respondent filed a motion to dismiss the Petition on the ground that this Court lacks jurisdiction over it because Petitioner has not yet filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. [Doc. 17; Doc. 18.] Respondent contends that Petitioner cannot satisfy the § 2255 savings clause because he cannot demonstrate that his remedies under § 2255 are inadequate or ineffective. [*Id.*] And, Respondent contends that Petitioner has until any point before June 26, 2016, to file his first § 2255 motion in the sentencing court. [Doc. 18.] Respondent asserts that in this case June 26, 2016, is the one-year deadline to file a first § 2255 motion from the date of the Supreme Court's *Johnson* decision. [*Id.*]

On October 30, 2015, Petitioner filed his response to the motion to dismiss this action. [Doc. 22.] Petitioner seems to concede that this Court lacks jurisdiction over this § 2241 action, and he explains that he will attempt to file a § 2255 motion in the sentencing court. [*Id.*] He further explains that, "[i]n the event a filing of § 2255 is 'inadequate or ineffective' then petitioner will file his § 2241 in the District of South Carolina showing such." [*Id.*]

## DISCUSSION AND RECOMMENDATION

In light of Petitioner's acknowledgment of his failure to file a § 2255 motion to vacate in the United States District Court for the Southern District of Georgia and because Petitioner (a) agrees that this § 2241 action should be dismissed and (b) indicates that he

intends to file a § 2255 motion in the sentencing court, it is recommended that Respondent's motion to dismiss [doc. 17] be granted and this case be dismissed *without prejudice*.  **The attention of the parties is directed to the important notice on the next page.**

November 6, 2015                                         s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).